**DOLL AMIR & ELEY LLP**
HUNTER R. ELEY (SBN 224321)
heley@dollamir.com
EVAN M. LADD (SBN 323164)
eladd@dollamir.com
725 S. Figueroa Street, Suite 3275
Los Angeles, California 90017
Tel: 213.542.3380
Fax: 213.542.3381

Attorneys for Defendant,
GATEWAY FIRST BANK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER M. LANGSTON, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GATEWAY MORTGAGE GROUP, LLC,<br><br>Defendant. | Case No.<br><br>**DEFENDANT GATEWAY MORTGAGE GROUP, A DIVISION OF GATEWAY FIRST BANK'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §§ 1332, 1441, 1446, 1453 (CAFA REMOVAL)**<br><br>[San Bernardino County Superior Court Case No. CIVDS2010650]<br><br>Complaint Filed:   June 08, 2020<br>Amended Complaint Filed:<br>           August 11, 2020 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Gateway First Bank (hereinafter "Gateway"), hereby removes to this Court the action originally commenced in the Superior Court of California for the County of San Bernardino, entitled *Langston v. Gateway First Bank*, Case No. CIVDS2010650 ("State Court Action"). This removal is made pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## STATEMENT OF THE CASE

1. On June 8, 2020, Plaintiff Jennifer M. Langston commenced State Court Action by filing the Class Action Complaint. On August 11, 2020, Plaintiff filed an Amended Class Action Complaint ("AC") in the State Court Action.

2. Plaintiff has brought this action as a putative class action purportedly on behalf of three classes of persons in California and the United States from whom Gateway collected fees from borrowers who paid their monthly payments by phone or online. (AC, ¶¶ 1, 58.)

3. As explained below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) based upon the diversity-of-citizenship and amount-in-controversy requirements applicable to class actions. The diversity-of-citizenship requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because at least one member of the putative Plaintiff class is a citizen of a State different from at least one Defendant. The amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied because the aggregate alleged claims of the individual members of the putative class exceed the sum or value of $5,000,000, exclusive of interest and costs. Removal jurisdiction under CAFA was not apparent from the face of the initial complaint or the Amended Class Action Complaint because the amount in controversy was not alleged. The first pleading or "other paper" from which the total amount in controversy was ascertainable was service upon Gateway of the Plaintiffs' Original Complaint – Class Action in the *Watkins, et al. v. Gateway First Bank* matter, filed in

the United States District Court for the Northern District of Texas, Case No.: 3:20-cv-02136 ("*Watkins* Complaint" attached hereto as Exhibit A) on August 13, 2020. *See* 28 U.S.C. § 1446(b)(3). *Watkins* alleges nearly identical claims and classes as those alleged in this instant matter and alleges jurisdiction based on CAFA.

## BASIS FOR REMOVAL

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 199 Stat. 4 (2005).[1]

5. Under CAFA, a district court has original jurisdiction over any class action in which: (1) the amount in controversy exceeds $5,000,000; (2) there is minimal diversity, i.e., any member of a class of plaintiffs is a citizen of a State different from any defendant; (3) the number of members of all proposed plaintiff classes in the aggregate is greater than 100. 28 U.S.C. §§ 1332(d)(2), (d)(5).

**Diversity of Citizenship**

6. This action meets the CAFA minimal-diversity requirement. The named Plaintiff, Jennifer M. Langston, is, and at all relevant times was, a resident of the state of California. (AC, ¶ 7.) Defendant Gateway First Bank is incorporated and has its principal place of business in the State of Oklahoma. Defendant Gateway First Bank is, and at all relevant times was, a citizen of Oklahoma. 28 U.S.C. § 1332(c)(1). This fact is not disputed in the Amended Complaint. (AC, ¶ 8.)

**More than 100 Members of the Putative Classes**

7. The number of members of the proposed putative classes is greater than 100. The Complaint alleges that, "Gateway's servicing records will likely reveal there are hundreds of members of the Classes." (AC, ¶ 63.)

///

---

[1] The Class Action Fairness Act of 2005 is codified in 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

**Amount in Controversy**

8.  The amount placed in controversy by the averments of the AC exceeds the $5,000,000, exclusive of interest and costs, required under Section 1332(d)(2) of CAFA.

9.  In this case, Plaintiff alleges that Gateway improperly charged borrowers between $3.50 and $10.00 for each payment made over the phone or online. (AC, ¶ 1.)  Plaintiff seeks, on behalf of herself and the three classes, an award of "actual damages, including but not limited to all fees improperly charged, and forgiveness of all amounts not properly owed"; restitution of all fees "improperly collected"; and an injunction prohibiting charging "illegal Pay-to-Pay fees to Plaintiff, Class members, and the public." (AC, Relief Requested, b. *through* d.)  However, the AC was silent as to the total amount in controversy.

10. In the *Watkins* Complaint, which was filed on August 12, 2020, by the same law firm against the same defendant, Plaintiffs allege that Gateway improperly charged borrowers between $3.50 and $10.00 for each payment made over the phone or online. (Watkins Compl., ¶ 2.)  Just as in the instant case, Plaintiffs in *Watkins* seek, on behalf of themselves and two classes, an award of actual damages; restitution; and an injunction prohibiting collection of the allegedly improper fees. (*Watkins*, ¶¶ 11-13, 62-73, Prayer for Relief 2-6).

11. In the instant action, Plaintiff seeks to represent the "FHA Pay-to-Pay Class," defined as follows: "All persons in the United States (1) with an FHA-insured mortgage (2) originated or serviced by Gateway (3) who were charged one or more Pay-to-Pay fee and (4) whose mortgages provide the "Lender may collect fees or charges authorized by the Secretary," or language substantially similar.  Specifically excluded from this class definition are persons whose FHA-insured mortgages secure a property in the State of Texas." (AC, ¶ 58.)

12. Further, the *Watkins* Complaint seeks to represent the "FHA Pay-to-Pay Class, defined as follows: "All persons in the United States (1) with an FHA-insured

mortgage secured by their residence located in the State of Texas (2) that is or was serviced by Gateway (3) who were charged on or more Pay-to-Pay fee and (4) whose mortgages provide the "Lender may collect fees or charges authorized by the Secretary," or language substantially similar."  (Watkins Compl., ¶ 63.)

13. The "FHA Pay-to-Pay Class" in *Watkins* is identical to the "FHA Pay-to-Pay Class" alleged in the instant matter, except that the *Watkins* Complaint limits that class to Gateway loans secured by Texas residences.  In contrast, the "FHA Pay-to-Pay Class" in the instant matter is comprised of the other 49 states plus the District of Columbia.  With respect to the Texas classes, Plaintiffs in *Watkins* allege that "Gateway is one of the largest mortgage companies in the United States.  The Classes in this lawsuit are believed to consist of hundreds of thousands of members." (Watkins Comp., ¶ 12.)  Yet, according to the United States Department of Housing and Urban Development, Texas represents approximately eight percent (8%) of FHA loans in the United States.  *See* https://www.hud.gov/sites/dfiles/Housing/documents/2018fhaannualreportMMIFund.pdf at p. 105.

14. On these same core allegations and on behalf of strikingly similar classes, Plaintiffs in *Watkins* allege that, "the amount in controversy, exclusive of costs and interest, exceeds $5,000,000.00." (Watkins Compl., ¶¶ 11, 13.)  Thus, according to representations made by Plaintiff's counsel in an "other paper" – *i.e.*, the *Watkins* Complaint – that was served on Gateway on August 13, 2020, the amount exceeds the jurisdictional minimum of $5,000,000.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

15. <u>Removal to Proper Court</u>.  Pursuant to 28 U.S.C. § 1446(a), Gateway is filing this Notice of Removal in the United States District Court for the Central District of California, which is the federal district encompassing the state court where

the State Court Action is pending, which is the Superior Court of the State of California for the County of San Bernardino.

16. <u>Removal is Timely</u>.  This action has been removed in accordance with the requirements of 28 U.S.C. § 1446(b).  Where, as here, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable[.]" 28 U.S.C. § 1446(b)(3) (emphasis added).  Here, removal jurisdiction under CAFA was not apparent from the face of the initial complaint or the Amended Complaint because neither specified the amount in controversy or the citizenship of the putative class members.  On August 13, 2020, Gateway was served with the *Watkins* Complaint alleging nearly identical facts, class definitions, and requested relief, filed in Texas federal court on CAFA jurisdictional grounds. The *Watkins* Complaint was the first "amended pleading, motion, order or other paper" from which Gateway could ascertain that the case met the amount-in-controversy requirement.  Gateway promptly removed the action within 30 days of being served with the *Watkins* Complaint, pursuant to 28 U.S.C. § 1446(b).

17. <u>Pleadings and Process</u>.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all of process, pleadings and orders served upon Gateway in the State Court Action are attached hereto as <u>Exhibit B</u>.

18. <u>Gateway's Consent to Removal Sufficient</u>.  Gateway is the only defendant named in this action.  Therefore, no further consent is required.  28 U.S.C. § 1453(b) (class action may be removed by any defendant under CAFA).

19. <u>Notice</u>.  Written notice of the filing of this Notice of Removal will be promptly served upon counsel for Plaintiff.  Gateway also will promptly file a copy of this Notice with the Clerk of the Superior Court of California, County of San Bernardino.

## CONCLUSION

20. By this Notice of Removal and the associated attachments, Gateway does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Gateway intends no admission of fact, law or liability by this Notice, and it expressly reserves all defenses, motions and/or pleas. Gateway prays that the State Court Action be removed to this Court, that all further proceedings in the state court be stayed, and that Gateway receive all additional relief to which it is entitled.

DATED: September 14, 2020        DOLL AMIR & ELEY LLP

By: *Evan M. Ladd*
    HUNTER R. ELEY
    EVAN M. LADD
Attorneys for Defendant,
GATEWAY FIRST BANK