## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release, subject to approval by the Court, is made between Plaintiff Jennifer Langston, as the proposed representative of Settlement Class ("Plaintiff" or "Settlement Class Representative"), and Defendant Gateway First Bank ("Defendant" or "Gateway") (collectively with Plaintiff, the "Parties").

## I.     RECITALS

**A.**     All terms with initial capitalization shall have the meaning set forth in this Settlement Agreement.

**B.**     On June 8, 2020, Plaintiff, individually and on behalf of a putative Class, filed a lawsuit in the Superior Court of the State of California, County of San Bernadino. The action was removed to the Central District of California (the "Court").

**C.**     The operative complaint in this action (the "Amended Complaint") alleges that Gateway violated the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, et seq., the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, and breached the FHA-insured Deed of Trust, by collecting extra fees from borrowers when they paid their mortgages by phone or online ("Convenience Fees").

**D.**     On October 21, 2021, Gateway filed a Motion to Dismiss the Amended Complaint (ECF No. 11). Plaintiff filed an opposition to Defendant's Motion to Dismiss on November 16, 2020 (ECF No. 15), and Defendant filed a reply thereto on November 30, 2020 (ECF No. 16). On January 15, 2021, the Court denied Defendant's Motion to Dismiss (ECF No. 23).

**E.**     Class Counsel have fully analyzed and evaluated the merits of all Parties' contentions and this Settlement as it impacts all Parties, including the individual members of the Settlement Class. After taking into account the risks of continued litigation, and the likelihood that the Action, if not settled now, will be protracted and expensive, Class Counsel are satisfied that

the terms and conditions of the Settlement Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Action is in the best interests of the Settlement Class.

F.     By entering into this Agreement, Defendant does not admit that it is liable to Plaintiff or the Settlement Class, nor does Defendant concede that, absent a settlement, Plaintiff's putative Classes would be certified under the Federal Rules of Civil Procedure. Defendant denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the Action and further denies that the claims in the Action would be appropriate for class treatment if the Action were to proceed through litigation and trial. Nonetheless, without admitting or conceding any wrongdoing, liability or damages or the appropriateness of Plaintiff's claims or similar claims for class treatment, Defendant consents to the Settlement solely to avoid the expense, inconvenience and inherent risk of litigation as well as the inconvenience, interference and disruption of its business operations. Nothing in this Settlement or Settlement Agreement shall be construed as an admission or concession by Defendant of the truth of any allegations raised in the Action or of any fault, wrongdoing, liability or damages of any kind. This Settlement Agreement, its terms, documents related to it, and the negotiations or proceedings connected with it shall not be offered or received into evidence in the Action or in any other action or proceeding to establish any liability or admission by Defendant.

G.     Plaintiff, individually and on behalf of the Settlement Class, desires to settle her claims alleged against Defendant in the Action, having taken into account through Class Counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this Settlement and the likelihood that the Action will be further protracted and expensive.

H.     Class Counsel has conducted an extensive investigation of the facts and applicable law, including, but not limited to, obtaining discovery on issues pertaining to class size and

damages. Class Counsel was further informed through the mediation process and the exchange of confidential information. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Class Counsel considers it to be in the best interest of the Settlement Class to enter into this Agreement.

**I.**     This Agreement reflects a compromise between the Parties, and shall in no event be construed as or be deemed an admission or concession by any Party of the truth of any allegation or the validity of any purported claim or defense asserted in any of the pleadings in the Action, or of any fault on the part of Defendant, and all such allegations are expressly denied. Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Party hereto.

**J.**     In consideration of the foregoing and other valuable consideration, Plaintiff, Class Counsel, Defendant, and Defendant's Counsel agree collectively to settle the claims of the Plaintiff and the Settlement Class arising from Defendant's collection of Convenience Fees as alleged in the Action, subject to the Court's approval, on the following terms and conditions.

## II.     DEFINITIONS

**A.**     "Action" means *Langston v. Gateway First Bank,* Case No. 5:20-cv-01902-VAP-KK, pending in the United States District Court for the Central District of California.

**B.**     "Administrative Costs" means all costs and expenses associated with and incurred in connection with providing Class Notice to the Proposed Settlement Class, payment of Settlement Payments, costs of locating Settlement Class members whose current address is not reflected in existing records of Defendant, and any other costs of or associated with administration of the Settlement Class to be paid from the Settlement Fund. It does not include any fees, costs or expenses incurred by Class Counsel or any Settlement Class members.

**C.**    "Agreement" or "Settlement Agreement" means this Proposed Class Action Settlement Agreement.

**D.**    "Class Counsel" means Hank Bates, Randall K. Pulliam and Lee Lowther of Carney Bates & Pulliam, PLLC and Elizabeth Ryan and James Kauffman of Bailey & Glasser LLP.

**E.**    "Class Notice" means the notice(s) by which the Settlement Administrator shall provide notification of the Settlement to the Settlement Class Members.

**F.**    "Class Period" means June 8, 2016, to December 31, 2021.

**G.**    "The "Court" means the United States District Court for the Central District of California.

**H.**    "*Cy Pres* Recipient" means Habitat For Humanity.

**I.**    "Defendant" or "Gateway" means Gateway First Bank.

**J.**    "Defendant's Counsel" means Hunter Eley of Doll Amir & Eley, LLP.

**K.**    "Effective Date" means the date that the final approval order becomes final, binding, non-appealable, or when all appeals have been fully exhausted.

**L.**    "Email Notice" means the notice to be emailed to Settlement Class Members by the Settlement Administrator, substantially in the form of **Exhibit A1**, provided that the Preliminary Approval Order prescribes Class Notice by email.

**M.**    "Fee and Expense Award" means the amount awarded to Class Counsel by the Court to compensate Class Counsel for attorneys' fees and expenses in prosecuting the Action, to be paid from the Gross Settlement Fund.

**N.**    "Fee and Service Award Application" means Class Counsel's application for a Fee and Expense Award and Service Awards.

**O.** "Final Approval Hearing" means the hearing at or after which the Court will determine whether to finally approve the Settlement.

**P.** "Final Approval Order" means an order entered by the Court finally approving the Settlement. A copy of a proposed Final Approval Order is attached as **Exhibit C.**

**Q.** "Final Judgment" means an order entered by the Court entering final judgment and dismissing the Action. A copy of a proposed Final Judgment is attached as **Exhibit D.**

**R.** "Gross Settlement Fund" or "Common Fund" means a payment by Defendant in the amount of $1,175,000. The Gross Settlement Fund shall be used to make Settlement Payments, any Fee and Expense Award, any Service Awards, and all Administrative Costs.

**S.** "Mailed Notice" means the notice to be posted on the Settlement Website and mailed to Settlement Class members upon request that discloses the terms of the Settlement Agreement, substantially in the form of **Exhibit A2.**

**T.** "Net Settlement Fund" means the Gross Settlement Fund minus any Fee and Expense Award, any Service Awards, and all Administrative Costs.

**U.** "Notice Program" means the procedure for providing Class Notice to the Settlement Class.

**V.** "Parties" shall mean the Plaintiff, all Settlement Class Members, and Defendant.

**W.** "Plaintiff" or "Settlement Class Representative" means Jennifer Langston.

**X.** "Plan of Allocation" means the terms and procedures for allocating the Settlement Fund among, and for distributing amounts to Class Members as proposed in the Class Notice and approved by the Court.

**Y.** "Preliminary Approval Order" means an order entered by the Court preliminarily approving the terms and conditions of the Settlement Agreement. A copy of a proposed Preliminary Approval Order is attached hereto as **Exhibit B**.

**Z.** "Released Claims" means any and all claims, counterclaims, actions, causes of action, suits, setoffs, costs, losses, expenses, sums of money, accounts, reckonings, debts, charges, complaints, controversies, disputes, damages, judgments, executions, promises, omissions, duties, agreements, rights, and any and all demands, obligations and liabilities, of whatever kind or character, direct or indirect, whether known or unknown, at law or in equity, by right of action or otherwise, arising out of, based upon, or related in any way to the charging, collection, or attempted collection of Convenience Fees accruing from June 8, 2016, through December 31, 2021.

**AA.** "Released Entities" means Gateway and each of its past, present and future directors, officers (whether acting in such capacity or individually), shareholders, advisors, owners, partners, joint venturers, principals, trustees, creditors, law firms, attorneys, representatives, employees, managers, parents, direct or indirect subsidiaries, divisions, subdivisions, departments, corporations in common control affiliates, predecessors, and successors, or any agent acting or purporting to act for them or on their behalf, as well as any investor on whose behalf Gateway services any loan to any Settlement Class Member, and each of their past, present and future directors, officers (whether acting in such capacity or individually), shareholders, advisors, owners, partners, joint venturers, principals, trustees, creditors, law firms, attorneys, representatives, employees, managers, parents, direct or indirect subsidiaries, divisions, subdivisions, departments, corporations in common control affiliates, predecessors, and successors, or any agent acting or purporting to act for them or on their behalf.

**BB.**    "Response Deadline" means 105 days after entry of the Preliminary Approval Order.

**CC.**    "Settlement Administrator" means the administrator designated to manage the settlement funds, including providing notice and distributing the Settlement Payments to Class Members.  The Settlement Administrator will be selected by Class Counsel, subject to Defendant's approval, not to be unreasonably withheld. Only the Settlement Administrator will be given access to or have authority to access or discover the identities of, any personal information related to, the Settlement Class.

**DD.**    "Settlement Class" means All persons who (1) were borrowers on residential mortgage loans on properties in the United States whose loans were serviced by Gateway, and (2) paid a fee to Gateway for making a loan payment by telephone, IVR, or the internet, from June 8, 2016, through the date on which the Court enters an order granting preliminary approval of the Parties' Settlement Agreement. Excluded from the Settlement Class are borrowers on residential mortgage loans in properties located in the State of Texas whose loans are not insured by the Federal Housing Administration; the Honorable Virginia A. Phillips, counsel to the Parties, the Honorable Lisa Hart Cole, and their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; any government entity; Gateway, any entity in which Gateway has a controlling interest, any of Gateway's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and any persons who timely opt-out of the Settlement Class.

**EE.**    "Settlement Class Members" means all members of the Settlement Class.

**FF.**    "Settlement Class Member List" means a list of persons who, according to a reasonable search of Defendant's business records, fall within the definition of the Settlement

Class. The Settlement Class Member List shall include the names of all persons who, according to a reasonable search of Defendant's business records, fall within the definition of the Settlement Class, their last known mailing address, their last known email address, provided that the Preliminary Approval Order approves Class Notice by email; and the dates and amounts of Convenience Fees each paid during the Class Period.

**GG.**   "Settlement Payment" means the payment made to each Settlement Class Member pursuant to this Agreement.

**HH.**   "Service Award" means such funds as may be awarded by the Court to the Plaintiff in recognition of her time and effort expended in pursuing the Action and obtaining the Settlement.

**II.**   "Settlement Website" means an internet website to be established and maintained by the Settlement Administrator for purposes of administering the Settlement. The URL of the Settlement Website shall be jointly agreed upon by the parties.

## III.   SCHEDULE AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

**A.**   The Parties shall timely move the Court for preliminary and final approval of the Settlement. In conjunction with these filings, the Parties agree, for purposes of settlement, that: (1) a Settlement Class shall be certified in accordance with the definition of the Settlement Class set forth in this Agreement; (2) the Class Representative shall represent the Settlement Class for settlement purposes; and (3) Class Counsel shall represent the Settlement Class for settlement purposes.

**B.**   Plaintiff shall promptly file an unopposed Motion for Preliminary Approval of the Settlement, attaching this Agreement with Exhibits. In her Motion for Preliminary Approval, Plaintiff shall request that the Court: (1) enter the Preliminary Approval Order; (2) certify, for settlement purposes only, the Settlement Class; (3) appoint Plaintiff as Settlement Class

Representative; (4) appoint Class Counsel as counsel for the Settlement Class; (5) approve the Notice Program; (6) approve the procedures for objecting to and requesting exclusion from the Settlement; and (7) schedule a Final Fairness Hearing. Solely for the purposes of the Settlement, Defendant shall not oppose the motion and may file a statement of non-opposition.

Plaintiff will also submit, by the deadline set by the Court, a motion (1) seeking entry of the Final Approval Order; (2) confirming certification of the Settlement Class for settlement purposes; (3) finding the Notice Program was the best notice practicable under the circumstances and comported with all applicable requirements of law and due process; (4) confirming the release of the Released Claims; (5) identifying those who have timely and validly requested exclusion, if any; (6) dismissing the Action, and (7) confirming the retention of jurisdiction relating to the administration, consummation, validity, enforcement, and interpretation of this Agreement, the Final Approval Order, and any order granting any Fee and Expense Award and Service Awards, and for any other necessary purpose. Solely for the purposes of the Settlement, Defendant will not oppose the motion and may file a statement of non-opposition.

C.      In the event that this Agreement (including the Settlement provided for herein) is not approved, or is terminated, cancelled, or fails to become effective for any reason whatsoever, including, without limitation, in the event the final judgment is reversed or vacated following any appeal taken therefrom, certification of the Settlement Class, including any Settlement Class Representative or Class Counsel appointment, shall be deemed void and vacated; any preliminary or final order certifying a class for settlement purposes only shall be deemed void and vacated; and the Parties shall revert to their status as they existed prior to the date of this Agreement.

## IV.    THE SETTLEMENT TERMS

### A.    Funding of Settlement

In consideration for the complete and final settlement of the Action, the Releases, and other promises and covenants set forth in this Settlement Agreement, and subject to the other terms and conditions herein, Defendant agrees to pay $1,175,000 into a common fund for the benefit of the Settlement Class.

**Within 30 days of the entry of the Preliminary Approval Order,** Fifty Thousand Dollars ($50,000) of the Gross Settlement Fund shall be paid by Defendant to the Settlement Administrator as an advance of Administrative Costs.

**Within 14 days of the Effective Date**, Defendant shall transfer by wire the remainder of the Gross Settlement Fund, less the amount of any notice and administrative costs and fees already advanced pursuant to the foregoing paragraph, into an account designated as a Qualified Settlement Fund ("QSF") pursuant to the Internal Revenue Code (the "Escrow Account") to be held in escrow pending disbursement. Any interest earned shall accrue to the benefit of the Settlement Class. Class Counsel and the Settlement Administrator agree to take all necessary and reasonable actions to qualify the Settlement Fund as a QSF. Defendant agrees to reasonably cooperate to qualify the Settlement Fund as a QSF. Defendant, Defendant's Counsel and the Released Entities shall have no responsibility or liability for the acts or omissions of the Escrow Agents, Class Counsel or their agents.

The Gross Settlement Fund shall be used to pay, in the following order: (1) all Administrative Costs, (2) any Fee and Expense Award approved by the Court, (3) any Service Award to the Settlement Class Representative approved by the Court, (4) Settlement Payments and (5) any taxes owed by the Gross Settlement Fund.

The principal and interest in the Escrow Account (the amount deposited plus interest), less notice and administrative costs and fees actually incurred and paid, shall be returned to Defendant within five (5) business days of any of the following events: (i) the Court determines not to enter a Final Approval Order; (ii) a Final Approval Order entered by the Court is set aside by an appellate court, unless otherwise agreed in writing by the Parties; or (iii) the Settlement does not occur for some other reason.

**B.      Settlement Payments and Distribution**

Settlement Class Members are entitled to receive monetary benefits from the Net Settlement Fund on a pro rata basis, based upon the amount of Convenience Fees paid by each Settlement Class Member during the Class Period after any reversals or credits. Co-borrowers on a single class loan shall be entitled to a single total Settlement Payment per loan account. Settlement Class Members who receive a Settlement Payment shall be solely responsible for distributing or allocating such payment between or among all co-account holders.

Within fourteen (14) days after the Effective Date, the Settlement Administrator shall calculate the Net Settlement Fund by deducting from the Gross Settlement Fund: (1) the Administrative Costs incurred in connection with the Notice Program and any other Administrative Costs approved by the Parties; (2) any costs, fees, or other expenses that the Settlement Administrator expects reasonably to incur through the conclusion of the Settlement ("Projected Administrative Costs"); (3) the amount of any Court-approved Fee and Expense Award; and (4) the amount of any Court-approved Service Award.

The Settlement Administrator will provide Class Counsel and Defendant's Counsel with a document demonstrating this calculation. The Parties shall review and approve any Projected Administrative Costs, and approval shall not be unreasonably withheld. If at the conclusion of the

Settlement administration not all of the Projected Administrative Costs are incurred, remaining amounts shall be distributed to the *Cy Pres* Recipient. In no event, however, shall the Settlement Administrator be paid more than the actual Administrative Costs, including Projected Administrative Costs. Within thirty (30) days after the Effective Date, the Settlement Administrator shall pay by wire any Fee and Expense Award approved by the Court, and any Service Award approved by the Court. Wiring instructions and W-9s shall be provided by Class Counsel to the Settlement Administrator on or before this deadline.

Within fourteen (14) days after the Effective Date, the Settlement Administrator shall calculate Settlement Payments in accord with the plan of allocation set forth herein, and disseminate to the Parties' respective counsel an anonymized final list identifying the percentage of the Net Settlement Fund to be paid to each anonymized Settlement Class Member and the amount of payment to each anonymized Settlement Class Member.

Settlement Payments shall be made by check.  Settlement Payments will be mailed by check within thirty (30) days of the Effective Date. Checks issued under the Settlement shall be negotiable for ninety (90) days after the date of issuance. Individual checks that have not been negotiated within ninety (90) days after issuance shall be void. For good cause shown, Settlement Class Members may request that the Settlement Administrator reissue a check for one additional 90-day period. After 180 days from the date of issuance of the initial checks, any remaining funds in the Net Settlement Fund shall be distributed to Settlement Class Members via a secondary distribution.  Any costs associated with the secondary distribution will be paid from the Gross Settlement Fund. If the amount of funds remaining is so minimal that a secondary distribution would be impracticable or infeasible, then the remaining funds shall be distributed to the *Cy Pres*

Recipient.  Any funds remaining following a secondary distribution shall be distributed to the *Cy Pres* Recipient. In no event shall funds be returned to Gateway.

Prior to mailing checks, the Settlement Administrator shall attempt to update the last known addresses of Settlement Class Members through the National Change of Address database. If a check is returned and marked "Undeliverable," the Settlement Administrator shall make reasonable efforts to locate the Settlement Class Member, reissue the check, and send it to a forwarding address.

### C.     Injunctive Relief

On or before January 1, 2022, Gateway will cease charging or collecting Convenience Fees to any Settlement Class Member and to any borrower. As a result of this Settlement, Gateway further agrees to refrain from the charging or collection of Convenience Fees from borrowers for a period of at least one year after entry of the Final Approval Order.

### D.     Service Award

On or before twenty-one (21) days prior to the Response Deadline—i.e., the deadline for members of the Settlement Class to opt out of the settlement or file an objection—Class Counsel may apply to the Court for a Service Award from the Gross Settlement Fund for the Plaintiff not to exceed $5,000. A Service Award will be requested in recognition of Plaintiff's service to the Settlement Class, in addition to any other relief to which she is entitled.

This Settlement is not conditioned upon the Court awarding any Service Award, and should the Court decline to approve any Service Award, or should the Court approve a Service Award in an amount less than that sought by Class Counsel, the remaining provisions of the Settlement shall be binding and effective.

### E.     Class Counsel's Fees and Expenses

On or before twenty-one (21) days prior to the Response Deadline, Class Counsel may apply to the Court for reasonable attorneys' fees, not to exceed 25% of the Gross Settlement Fund, and for reimbursement of reasonable litigation expenses. The Parties agree that the amount of attorneys' fees or expenses ultimately paid from the Gross Settlement Fund will not in any way reduce, increase, or otherwise modify Defendant's obligation to pay the agreed-upon sum of $1,175,000 for the Gross Settlement Fund. Class Counsel Fees shall be subject to approval by the Court. Carney Bates and Pulliam, PLLC shall be solely responsible for paying any monies due to any and all other counsel for Plaintiff, out of the Fee and Expense Award.  Defendant shall not be liable for any claims ensuing from distribution of attorneys' fees and expenses. The Parties did not discuss any award of attorneys' fees or expenses until the material terms of the Settlement were agreed.

In consideration of this Agreement, Class Counsel and Plaintiff release the Released Entities from any and all claims for attorneys' fees or costs, by lien or otherwise, other than the amount awarded by the Court. Class Counsel and Plaintiff further agree that the Fee and Expense Award, if any, shall compensate them for all legal work in the Action up to and including the Effective Date, as well as for all legal work and costs that may be incurred in the Action after the Effective Date.

This Settlement is not conditioned upon the Court awarding any attorneys' fee and expense award, and should the Court decline to make a Fee and Expense Award, or approve an award less than that sought by Class Counsel, the remaining provisions of the Settlement shall be binding and effective.

Defendant has reserved its right to object to any Fee and Expense Award Application that it deems unreasonable, though waives its right to appeal the portion of the Court's Final Order

pertaining solely to an award of Fee and Expense Award or Service Award. Defendant expressly preserves the right to appeal any other aspect of the Court's Orders relating to the Settlement to the extent they alter any material provisions of the Settlement, including, but not limited to, the amount of the Gross Settlement Fund or the scope of injunctive relief.

### F.    Confirmatory Discovery

If reasonably necessary, Defendant will provide Class Counsel with confirmatory discovery as to the total number of Settlement Class Members and the total amount of aggregate Convenience fees paid during the Class Period.

## V.    RELEASE

Upon the Effective Date, and in consideration for the Settlement Payment and for Defendant's other promises contained herein, Plaintiff and each Settlement Class Member, for and on behalf of their present and future spouses (and common law spouses), children, parents, relations, successors, beneficiaries, heirs, next of kin, assigns, attorneys, executors, administrators, and/or estate, or any and all other persons who could claim through them, hereby unconditionally and irrevocably remises, releases, forever discharges the Released Entities from the Released Claims and covenants not to sue the Released Entities or raise or bring any claim, dispute, or complaint to any administrative body (including any regulatory entity or organization), tribunal, arbitration panel or other adjudicating body relating to the Released Claims.  This release includes, but is not limited to, any and all claims, counterclaims, actions, causes of action, suits, setoffs, costs, losses, expenses, sums of money, accounts, reckonings, debts, charges, complaints, controversies, disputes, damages, judgments, executions, promises, omissions, duties, agreements, rights, and any and all demands, obligations and liabilities, of whatever kind or character, direct or indirect, whether known or unknown, at law or in equity, by right of action or otherwise, arising out of, based upon, or related in any way to the charging, collection, or

attempted collection of Convenience Fees accruing from June 8, 2016, through December 31, 2021. Nothing in this release or in the Agreement otherwise alters or affects the rights or obligations of any Settlement Class Member and Gateway with respect to any relationship with Gateway, nor does this release or Agreement in any way change any Settlement Class Member's continuing obligations on his or her residential mortgage loan serviced by Gateway, or in any way limit Gateway's rights with respect to such loan.

In connection with and as part of the Released Claims, Plaintiff and Settlement Class Members expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Notwithstanding California or other law, Plaintiff and Settlement Class Members expressly agree that, in connection with and as part of the Released Claims, the provisions, rights and benefits of Section 1542 and all similar federal or state laws, rights, rules or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived, released and relinquished to the fullest extent permitted by law in connection with the Released Claims and any unknown claims that are substantially similar to or overlap with the Released Claims; and also agree and acknowledge that the foregoing is an essential term of the releases provided herein. Plaintiff and Settlement Class Members also agree and acknowledge in connection with and as part of the Released Claims that they may discover claims presently unknown or unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein, and that such claims, to the extent that they are substantially similar to or overlap with the Released Claims, are hereby released, relinquished and discharged.

The Court shall retain continuing and exclusive jurisdiction over the enforcement, interpretation, and applicability of the Settlement Agreement and the Parties agree to cooperate and to take all necessary and appropriate steps to ensure the enforceability of the Settlement Agreement.  The Court's continuing jurisdiction includes, but is not limited to, the enforcement and applicability of the injunctive relief with respect to any persons who may assert claims against Gateway that implicate the terms of the Settlement Agreement, including the injunctive relief agreed to herein. In granting preliminary and final approval the Court shall enjoin all actions in any jurisdiction against the Released Entities as is necessary to preserve the Court's jurisdiction.

## VI.    NOTICE TO THE SETTLEMENT CLASS

No later than thirty (30) days after entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator the Settlement Class Member List in an electronic format.

As soon as practicable, but starting no later than thirty (30) days after the date Defendant provides the Settlement Class Member List to the Settlement Administrator, the Settlement Administrator shall cause the Email Notice to be sent to all Settlement Class Members for whom the Settlement Class Member List includes an email address, provided that the Preliminary Approval Order authorizes Class Notice by email. Defendant makes no representations as to the accuracy of any emails included in the Settlement Class Member List.

As soon as practicable, but starting no later than thirty (30) days after the date that the Defendant provides the Settlement Class Member List to the Settlement Administrator, the Settlement Administrator shall cause the Mailed Notice to be sent to all Settlement Class Members for whom no email address appears on the Settlement Class Member List. Prior to mailing Class Notice, the Settlement Administrator will update the last known addresses of the members of the Settlement Class using the National Change of Address database. Within a reasonable time prior

to the Response Deadline, the Settlement Administrator shall also cause the Mailed Notice to be sent to all Settlement Class Members whose Email Notices are returned undeliverable, after running those Settlement Class Members' last known addresses through the National Change of Address database. If the Mailed Notice is returned with a forwarding address, the Settlement Administrator shall make one attempt to re-mail the Notice to that forwarding address, as soon as possible before the Response Deadline. If the Mailed Notice is returned undeliverable without a forwarding address, the Settlement Administrator shall make a reasonable attempt to locate an updated address and make one attempt to re-mail the Mailed Notice to the updated address, as soon as possible before the Response Deadline.

The Settlement Administrator shall mail or email the Mailed Notice to any Settlement Class member who requests a copy.

Within thirty (30) days of entry of the Preliminary Approval Date, the Settlement Administrator shall establish the Settlement Website. The Settlement website shall contain: (1) the Mailed Notice in downloadable PDF format in both English and Spanish; (2) a contact information page with contact information for the Settlement Administrator, and addresses and telephone numbers for Class Counsel and Defendant's Counsel; (3) the Settlement Agreement; (4) the signed Preliminary Approval Order and publicly filed motion papers and declarations in support thereof; (5) the operative complaint in the Action; and (6) when they become available, the Fee and Service Award Application, the motion for entry of the Final Approval Order, and any motion papers and declarations filed publicly in support thereof. The Settlement Website shall remain accessible until thirty (30) days after the Settlement Administrator has completed its obligations under the Settlement Agreement.

The Settlement Administrator shall ensure that timely notice is provided to any state and federal officials as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

## VII.    OBJECTIONS AND OPTING OUT OF THE SETTLEMENT

**Request for Exclusion**. Settlement Class Members have the right to request exclusion from the Settlement. The Class Notice shall advise Settlement Class Members of this right and the requirements for doing so.

Any Settlement Class Member may seek to be excluded from the Settlement Class by opting out by the Response Deadline. A request for exclusion must be in writing, postmarked on or before the Response Deadline, and include the name of the case. The request must also include the name, address, phone number and signature of the borrowers(s) seeking exclusion, as well as language clearly indicating a request for exclusion, such as "I wish to be excluded from the Settlement in *Langston v. Gateway First Bank*." If there are co-borrowers on the loan, all co-borrowers must sign the request for exclusion. The request must be mailed to the address provided in the Class Notice. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than one designated in the Class Notice, or that is not received within the time specified shall be invalid and the person(s) serving such request shall remain a Settlement Class Member and shall be bound as a Settlement Class Member to the Agreement, if approved. The Settlement Administrator shall forward copies of all requests for exclusion to all counsel of record no later than seven (7) days after receipt. Any Settlement Class Member who opts out of the Settlement Class and the Agreement shall not be bound by any prior court order or the terms of the Agreement. Any person who opts out of this Settlement is prohibited from objecting to the Settlement.

**Objecting to the Settlement**. Settlement Class Members have the right to object to the Settlement and/or the Fee and Service Awards Application. The Class Notice shall advise Settlement Class Members of this right and the requirements for doing so.

Any Settlement Class Member may object to this Agreement by mailing a written objection, postmarked on or before the Response Deadline, to the Court c/o the Clerk of the Court, United States District Court for the Central District of California – Eastern Division, 3470 Twelfth Street, Riverside, CA 92501, or by filing it in person on or before the Response Deadline. All objections must be in writing and personally signed by the Settlement Class Member and include: (1) the objector's name, address, email address if any, and telephone number; (2) the case caption (*Langston v. Gateway First Bank*); (3) the specific factual basis and legal grounds for the objection; (4) a list of all cases in which the objector has objected to a class action settlement, including case name, court, and docket number; (5) if the objector is represented by counsel, a list of all cases in which the objector's counsel has represented an objector in objecting to a class action settlement, case name, court, and docket number; (6) a statement indicating whether the Settlement Class Member and/or their lawyer(s) intend to appear at the Final Fairness Hearing; (7) a list of witnesses, if any, that the objecting Settlement Class Member intends to call; (8) whether the objection relates only to the objector, or to a subset of the Settlement Class, or to the entire Settlement Class; and (9) serve the objection pursuant to Federal Rule of Civil Procedure 5 on Class Counsel and Defendant's Counsel.

Any Settlement Class Member who has not submitted a timely request for exclusion may appear at the Final Approval Hearing either in person or through an attorney. However, if the Settlement Class Member intends to appear through counsel, the Settlement Class Member must have submitted a written objection pursuant to this section. Any lawyer who intends to appear at

the Final Approval Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the Response Deadline. Any Settlement Class Member who intends to request the Court to allow him or her to call witnesses at the Final Approval Hearing must make such a request in a written brief, which contains a list of such witnesses and a summary of their requested testimony.

No person who has opted out of the Settlement may object to it. Any Settlement Class Member who does not provide a timely written objection or who does not make a record of his or her objection at the Final Approval Hearing shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, Fee and Service Awards Application, or the Fee and Expense Award or Service Awards.

Plaintiff, Class Counsel, and/or Defendant may file responses to any timely written objections no later than seven (7) days prior to the Final Approval Hearing.

## VIII.   OBLIGATIONS OF THE SETTLEMENT ADMINISTRATOR

As discussed in more detail elsewhere in the Agreement, the Settlement Administrator shall execute a retainer agreement that shall provide, among other things, that the Settlement Administrator shall perform the duties, tasks, and responsibilities associated with providing notice and administering the Settlement, including the following: (1) preparing and disseminating the court-approved notices; (2) maintaining the Settlement Website; (3) keeping track of any requests for exclusion from and objections to the Settlement, including maintaining the original envelope in which they were mailed; (4) delivering to Class Counsel and Defense Counsel copies of any request for exclusion, objection, or, upon request, any other written or electronic communications from Settlement Class Members; (5) making Settlement Payments; (6) performing any tax reporting duties required by this Agreement or any applicable law; (7) maintaining adequate

records of its activities, including dates of transmission of the Email Notice, returned mail, and other communications and attempted communications with the Settlement Class; (8) confirming in writing its completion of the administration of the Settlement; and (9) such other tasks as Class Counsel and Defendant's Counsel mutually agree.

The retainer agreement shall provide that Settlement Administrator understands and agrees that it will be provided with certain personal identifying information relating to the Settlement Class and agrees to keep the information secure utilizing security measures that, at a minimum, comply with all applicable laws, rules, and regulations, not disclose or disseminate it, and use the information solely for purposes of effectuating the Settlement. The Settlement Administrator shall agree that it shall be subject to the jurisdiction of the Court with respect to the administration of this Settlement.

The Settlement Administrator shall also be required to sign a Confidentiality Agreement, which sets forth, among other things, a timeline for the Settlement Administrator to destroy all email addresses. The Settlement Administrator shall not utilize Settlement Class members' email addresses for any purpose other than effectuating this settlement.

Starting one week after the deadline to begin the Notice Program, the Settlement Administrator shall also provide weekly reports to Defendant's Counsel and Class Counsel concerning requests for exclusion and objections received during the prior week and to date.

Within five days of the Response Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a report containing the information regarding requests for exclusion and objection, including timely and untimely requests for exclusion and objection. The Settlement Administrator shall provide a declaration to be submitted in support of

the motion for entry of the Final Approval Order detailing the Notice Program and the number of valid requests for exclusion and objections received.

The Settlement Administrator shall also provide Class Counsel and Defendant's Counsel with a reconciliation and accounting of the Gross Settlement Fund at each of the following times: (1) no later than ten days after the Settlement Payments are made; and (2) no later than 180 days after the Settlement Payments are made.

All data created and/or obtained and maintained by the Settlement Administrator pursuant to this Agreement shall be destroyed twelve (12) months after the Final Approval Order.

## IX.    BINDING EFFECT OF AGREEMENT

This Agreement is binding upon and shall inure to the benefit of any Settlement Class Member who did not properly exclude himself or herself from the Settlement Class, as well as their heirs, successors, executors, personal or legal representatives, administrators, trustees, or anyone else claiming to have rights derived from or through the Settlement Class Member.

## X.    NOTICES

Any communication, verification, or notice sent by any Party in connection with this Agreement shall be sent by email and overnight mail as follows:

To Class Counsel:

Randall K. Pulliam
Carney Bates & Pulliam, PLLC
519 W. 7th St.
Little Rock, AR 72201
rpulliam@cbplaw.com


To Defendant's Counsel:

Hunter R. Eley
Doll Amir & Eley LLP
725 S. Figueroa Street
Suite 3275

Los Angeles, CA 90017
Heley@dollamir.com

## XI.    ENTIRE AGREEMENT

The Parties agree that this Agreement sets forth the entire understanding between the Parties. This statement is intended to satisfy all disclosure requirements of Rule 23 of the Federal Rules of Civil Procedure.

## XII.    CHOICE OF LAW

Except to the extent federal law applies, this Agreement and ancillary agreements shall be governed by and construed in accordance with the laws of the state of California without respect to its choice of law principles.

## XIII.    REPRESENTATIONS AND WARRANTIES

Plaintiff represents and warrants that she has not sold, assigned, transferred or otherwise disposed of any of the claims, demands or rights that are the subject of this Agreement; and that she shall take all necessary actions to effectuate the terms of this Agreement.  Class Counsel warrant and represent that they do not presently represent any individuals other than Plaintiff in connection with any claims against Gateway relating in any way to Convenience Fees.  Class Counsel further warrant and represent that they are unaware of any other individuals or law firms that intend to assert claims against Gateway relating in any way to Convenience Fees.

## XIV.    VOIDING OF AGREEMENT AND RIGHT TO WITHDRAW

If the Court declines to approve the Agreement and procedures contemplated herein, then the Agreement is automatically null, void, and of no force and effect. If the Court imposes any additional or increased burden, condition, or obligation upon a Party and that entity finds it to be unacceptable, that entity will have fourteen (14) days after written notice of such order becoming

final to withdraw from this Agreement, in which case the Agreement shall be null, void, and of no force and effect.

However, in the event the Court determines any proposed Class Representative payment or Class Counsel's Fees, Costs, and Expenses should be reduced, it is expressly agreed and understood that such a decision by the Court shall not operate as a means by which a Party can withdraw from this Agreement.

## XV.   NO ADMISSION OF LIABILITY

This Agreement constitutes a compromise of disputed claims for purposes of achieving an amicable and efficient settlement. Nothing in this Agreement or any of the procedures carried out pursuant thereto shall constitute or be construed as an admission of liability or wrongdoing on the part of the Released Entities. Nothing in this Agreement shall constitute an admission by the Released Entities that the Action was properly brought as a class or representative action other than for settlement purposes or an admission by the Released Entities of the propriety of the Action. The Released Entities contend that the claims alleged in the Action lack merit, that they at all times acted properly, and deny any and all liability.

It is agreed that neither the existence of this Agreement, its contents, nor communications or negotiations culminating in this Agreement, may be used as evidence of liability or fault on the part of the Released Entities or any person or entity associated in any way with the Released Entities.

## XVI.   MISCELLANEOUS

All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that a conflict or inconsistency exists between the terms of this Agreement and the terms of any exhibit hereto, the terms of this Agreement shall prevail.

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by Defendant's Counsel and Class Counsel, and with Court approval.

This Agreement may be executed in multiple counterparts; each of which shall be deemed an original and the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or electronic copies of executed copies of this Agreement may be treated as originals.

Each of the Parties hereto has jointly participated in the negotiation and drafting of this Agreement and each Party was represented by counsel of his or her own choosing throughout the negotiations. In the event an ambiguity or a question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by each of the Parties hereto and no presumptions or burdens of proof shall arise favoring any party by virtue of the authorship of any provisions of this Agreement.

The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Parties or the Settlement Class against any and all of the Released Entities with respect to the Released Claims. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the Parties with the assistance of the Mediator, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday or Court holiday, that act may be performed on the next business day with the

same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

The waiver by any of the Parties of any provision or breach of this Agreement shall not be deemed a waiver of any other provision.

Neither Plaintiff or Class Counsel nor Defendant or Defendant's Counsel shall conduct a press conference or issue a press release in connection the Settlement and further agree not to engage in any communications with the media or the press, orally or in writing, that relate to this Settlement or the Action other than statements that are fully consistent with the Class Notice. Nothing in this Agreement or Settlement restricts Class Counsel from responding to inquiries from putative Settlement Class Members or their representatives regarding the Settlement, or from providing accurate copies of publicly available Court filings in response to inquiries.

AGREED TO ON THE LATEST OF THE DATES SET FORTH BELOW.

Jennifer Langston: _Jennifer Langston_          DATE: Dec 20, 2021
                    Jennifer Langston (Dec 20, 2021 09:40 PST)


Gateway First Bank

Name: _____          DATE: _____

Signed: _____


APPROVED AS TO FORM AND CONTENT:

CARNEY BATES & PULLIAM, PLLC

By: _____          Date: _Dec. 20, 2021_
    Randall K. Pulliam

Gateway First Bank

Name: _Scott Gesell_        (CEO)            DATE: _01/03/21_

Signed: _____

APPROVED AS TO FORM AND CONTENT:

CARNEY BATES & PULLIAM, PLLC

By: _____            Date: _____
    Randall K. Pulliam

DOLL AMIR & ELEY, LLP

By: _____            Date: _January 10, 2022_
    Hunter Eley

# EXHIBIT A1

**(Email Notice)**

From: Gateway Convenience Fee Litigation Settlement Administrator

Subject Line: Class Action Settlement Regarding Gateway's Assessment of Residential Loan Convenience Fees

Content:

**A federal court authorized this Notice. This is <u>NOT</u> a solicitation from a lawyer, and you are not being sued.**

You are receiving this Notice because you could be affected by a class action lawsuit against Gateway First Bank ("Gateway" or "Defendant") involving its practice of charging fees to make residential loan payments online or over the phone, including through the telephonic automated "IVR" (interactive voice response) system (referred to as "Convenience Fees").

A Settlement has been reached in the class action lawsuit captioned *Langston v. Gateway First Bank,* Case No. 5:20-cv-01902 (the "Class Action"), alleging that Gateway's practice of charging Convenience Fees violated the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, et seq., the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, and breached borrowers' Deeds of Trust. Gateway denies the claims and further denies that it did anything wrong. The court has not decided who is right. Plaintiff and the Defendant have agreed to settle the lawsuit to avoid the cost and uncertainty of litigation. You can read the Amended Complaint, Settlement Agreement, and other case documents on the Settlement Website:

www._____.com

<u>**Who's Included?**</u> Gateway's records show you are a member of the Settlement Class. The Settlement Class includes all persons who (1) were borrowers on residential mortgage loans on properties in the United States and whose loans were serviced by Gateway, and (2) paid a fee to Gateway for making a residential loan payment by telephone, IVR, or the internet, between June 8, 2016 and [Date of Preliminary Approval].

<u>**What does the Settlement provide?**</u>  The Settlement provides that, in exchange for a dismissal of the Class Action and release of claims against Defendant and other released parties, as explained in the Settlement Agreement, Defendant will create a fund of $1,175,000.00 (the "Settlement Fund"). Each Settlement Class Member who does not opt out will automatically receive a pro rata distribution under the Settlement, after the payment of certain expenses, including attorney's fees, costs, settlement administration expenses, and any service award. If the Court awards all expenses requested by the Parties, the Net Settlement Fund will be approximately $_____. Settlement Class Members who receive a Settlement Payment are solely responsible for distributing or allocating their payment between or among all co-account holders.

Also, as part of the Settlement, Gateway has agreed that on or before January 1, 2022, Gateway will stop charging or collecting Convenience Fees to any Settlement Class Member and to any borrower and will refrain from the charging or collection of Convenience Fees from borrowers for a period of at least one year after entry of the Final Approval Order.

**What do I need to do to receive a payment from the Settlement?**  To receive a payment, you do not have to do anything. However, if you have recently moved or you believe that the mailing address on file at Gateway is not current, contact the Settlement Administrator at [**insert phone #**] to ensure the check is mailed to your current address. Settlement Class Members who do not opt out of the Settlement Class will receive a check by mail in an amount equal to their pro rata distribution. Distribution will be made after the Settlement is approved, the settlement administration is complete, and any appeal is addressed. Payment can take time. Please be patient.

If you do not take any action, you will remain in the Settlement Class, be legally bound by the Settlement and any orders or Judgments entered in the Action, and will fully, finally, and forever give up any rights to prosecute certain claims against Gateway.

**What are my other options?** If you do not want to be bound by the Settlement, you must exclude yourself by _____, 202_. If you exclude yourself, you cannot get money from this Settlement. If you do not exclude yourself, you will release your claims against Gateway for the claims at issue in this lawsuit. Specifically, you will not be able to sue for any claim relating to Convenience Fees for phone, internet, and IVR residential loan payments between June 8, 2016 and [Date of Preliminary Approval]. The Long Form Notice available at the Settlement Website, www._____.com, contains instructions for how to exclude yourself.

If you do not exclude yourself, you may object to the Settlement. All objections must be postmarked by _____, 202_. The Long Form Notice at the Settlement Website, www._____.com, contains instructions for how to object.

**When and where will the Court decide whether to approve the Settlement?**  The Court will hold a Final Approval Hearing at [TIME] on [DATE] at the United States District Court for the Central District of California, [ADDRESS], Courtroom __. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to grant final approval to the Settlement. If there are any objections, the Court will consider them.

The Court will also decide Class Counsel's request for attorneys' fees, in an amount not to exceed 25% of the Gross Settlement Fund, reimbursement of litigation expenses, and a service award to the Settlement Class Representative in the amount of $5,000. Class Counsel will file their application for fees and expenses, along with all supporting documents, at least 21 days prior to the deadline to exclude yourself from or object to the Settlement. These documents will be available for your review on the Settlement Website at www._____.com.

You may appear at the hearing, but you don't have to. You may hire your own attorney, at your own expense, to appear or speak for you at the hearing. Further information about how to attend the hearing, including whether the hearing will be held in person at the courthouse or online via Zoom videoconferencing, will be available on the Settlement Website. The Court may change the date or time of the Final Approval Hearing without further notice, so please check the Settlement Website for any changes.

This notice provides limited information about the Settlement. For more information call the Settlement Administrator at XXX-XXX-XXXX or visit the Settlement Website, www._____.com.

# EXHIBIT A2

# If you paid Gateway First Bank a fee to make a residential loan payment by telephone or the internet between June 8, 2016, and _____, 202_, you may be able to get a payment from this class action settlement.

**The District Court for the Central District of California authorized this notice.  Please read it carefully. Your legal rights will be affected whether or not you act. This is <u>NOT</u> a solicitation from a lawyer.**

- Subject to court approval, the proposed class action settlement (the "Settlement") will provide $1,175,000 (less legal fees and costs) to pay claims to Settlement Class Members who do not opt-out of this Settlement by [DATE], 202__.

- The Settlement affects the rights of borrowers on a residential mortgage loan on properties in the United States whose loans were serviced by Gateway First Bank ("Gateway") and who paid a fee to Gateway for making a loan payment by telephone or the internet on or after June 8, 2016 (the "Settlement Class" or "Settlement Class Members"). **Gateway's records identify you as a Settlement Class Member.**

| Your legal rights and options in this settlement: | |
|---|---|
| **Do Nothing and Receive a Payment** | If you wish to receive money from the Settlement, you need not do anything. |
| **Exclude Yourself From the Settlement** | You may ask to be excluded from the Settlement. If you do so, you will receive no money from the Settlement, but you retain your rights to sue Gateway on your own. To do so, you **must** send a letter requesting exclusion postmarked no later than _____, 202__. |
| **Object to the Settlement** | You may object to the Settlement if you do not exclude yourself. If you do so, you must file a written objection postmarked no later than _____, 202__. |
| **Participate in a Hearing** | You may appear in court and be heard at the time of the Final Approval Hearing.  If you submit a timely objection to the Settlement, you must also indicate in the objection that you wish to appear in court and be heard at the time of the Final Approval Hearing.  If you do not submit a valid, timely objection to the Settlement, you will be deemed to have waived your right to object to the Settlement. |

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement, available for viewing and downloading on the Settlement Website.

**PLEASE DO NOT TELEPHONE THE COURT OR THE CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.**

**Questions? Call 1-___-___-____ or go to the Settlement Website at www._____.com.**

A Settlement has been reached in a proposed class action lawsuit styled *Langston v. Gateway First Bank,* Case No. 5:20-cv-01902-VAP-KK, pending in the United States District Court for the Northern District of California (the "Class Action").

**What is this Class Action about?**   The Class Action alleges that Gateway charged borrowers fees to make residential loan payments online or over the phone, including through the telephonic automated "IVR" (interactive voice response) system, and that these fees (referred to as "Convenience Fees") violated the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, et seq., the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, and breached the borrowers' Deed of Trust. Gateway denies the claims and further denies that it did anything wrong. The operative complaint in the Class Action is available on the Settlement Website.

**Why is there a Settlement?**   No trial has been held on the merits of any allegations against Gateway or as to Gateway's defenses. Rather, Gateway has agreed to the Settlement without admitting liability. By agreeing to the Settlement, the Parties avoid the costs and uncertainty of a trial, and Settlement Class Members receive the benefits described in this Notice. The Settlement Class Representative and her attorneys believe the Settlement is best for everyone who is affected.

**Why did I get this notice?**   The records of Gateway show that during the time period of June 8, 2016 to [Date of Preliminary Approval], you (1) were a borrower on residential mortgage loan on property in the United States, whose loan was serviced by Gateway, and (2) paid a fee to Gateway for making a loan payment by telephone, IVR, or the internet. Because of this, you have been identified as a Settlement Class Member.

**What does the Settlement provide?**   The Settlement provides that, in exchange for a dismissal of the Class Action and release of claims against Defendant and other released parties, as explained in the Settlement Agreement, Defendant will create a fund of $1,175,000.00 (the "Settlement Fund"). Each Settlement Class Member who does not opt out will receive a pro rata distribution under the Settlement, after the payment of certain expenses, including attorney's fees, costs, settlement administration expenses, and any service award. If the Court awards all expenses requested by the Parties, the Net Settlement Fund will be approximately $_____. Settlement Class Members who receive a Settlement Payment are solely responsible for distributing or allocating their payment between or among all co-account holders.

Also, as part of the Settlement, Gateway has agreed that on or before January 1, 2022, Gateway will stop charging or collecting Convenience Fees to any Settlement Class Member and to any borrower and will refrain from the charging or collection of Convenience Fees from borrowers for a period of at least one year after entry of the Final Approval Order.

**What do I need to do to receive a payment from the Settlement?**   To receive a payment, you do not have to do anything. However, if you have recently moved or you believe that the mailing address on file at Gateway is not current, contact the Settlement Administrator at **[insert phone #]** to ensure the check is mailed to your current address. Settlement Class Members who do not opt out of the Settlement Class will receive a check by mail in an amount equal to their pro rata distribution. Distribution will be made after the Settlement is approved, the settlement administration is complete, and any appeal is addressed. Payment can take time. Please be patient.

**What am I giving up to get a payment or stay in the Settlement Class?**
Unless you opt out of the Settlement, you are in the Settlement Class, which means that upon final approval of the Settlement, you will be deemed to have fully released, forever discharged, and are

**Questions? Call 1-___-___-____ or go to the Settlement Website at www._____.com.**

permanently barred and enjoined from instituting, commencing, or prosecuting any claims, counterclaims, actions, causes of action, suits, setoffs, costs, losses, expenses, sums of money, accounts, reckonings, debts, charges, complaints, controversies, disputes, damages, judgments, executions, promises, omissions, duties, agreements, rights, and any and all demands, obligations and liabilities, of whatever kind or character, direct or indirect, whether known or unknown, at law or in equity, by right of action or otherwise, arising out of, based upon, or related in any way to the charging, collection, or attempted collection of Convenience Fees accruing from June 8, 2016, through the date of preliminary approval.

**How do I get out of the Settlement?**   To exclude yourself from this Settlement, you must send a letter by mail to the Settlement Administrator that is postmarked no later than _____, 202_. To be effective, the request for exclusion must include (a) each Settlement Class Member's full name and mailing address; (b) a clear and unequivocal statement that the Settlement Class Member or Members wish to be excluded from the Settlement Class; (c) the caption of the Class Action: "*Langston v. Gateway First Bank,* Case No. 5:20-cv-01902"; and (d) the signature of each Settlement Class Member or an individual authorized to act on the Settlement Class Member's behalf. If there are co-borrowers on the loan, all co-borrowers must sign the request for exclusion. You must mail your exclusion request to the following address: _____, and it must be postmarked by _____, 202_. If you send a timely and valid request to be excluded from the Settlement Class, you will not get any settlement payment, you cannot object to the Settlement, and you will not be legally bound by anything that happens in this lawsuit.

**How do I tell the Court that I don't like the Settlement?**   If you do not exclude yourself, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve the Settlement, the request for attorney's fees and expenses, or the request for a Settlement Class Representative service award. Objections must be submitted in writing to the Settlement Administrator at _____, and must be postmarked no later than _____, 202_. Any objection should contain all of the following information: (i) the caption of the Class Action: "*Langston v. Gateway First Bank,* Case No. 5:20-cv-01902"; (ii) the objector's full name, address, and telephone number; (iii) if applicable, the name and address of any person claiming to be legally entitled to object on behalf of a Settlement Class Member and the basis of such legal entitlement; (iv) all specific legal and factual bases for the objection, including all evidence and legal argument; (v) whether the objector is represented by counsel and, if so, the identity of such counsel and a list of all cases in which such counsel has represented an objector in objecting to a class action settlement; (vi) a statement indicating whether you and/or your counsel's intend to appear at the Final Approval Hearing, and if so, a list of witnessed, if any, that you intend to call; and (vii) the objector's signature. If your objection does not contain all of this information, is mailed to the incorrect address, or is postmarked after the deadline specified above, your objection will be considered invalid and you will be deemed to have waived your objections.

**Do I have a lawyer in this Class Action?**   The Court appointed the law firms of Carney Bates & Pulliam PLLC and Bailey & Glasser LLP to represent you and other Settlement Class Members (referred to together as "Class Counsel"). Class Counsel will ask the Court for attorneys' fees of up to 25% of the Settlement Fund, plus reimbursement of reasonable litigation expenses. Class Counsel will also request approval of a service award to the Settlement Class Representative in the amount of $5,000. Class Counsel's motion for attorneys' fees, expenses and a service award will be filed at least 21 days prior to the deadline to exclude from or object to the Settlement, and subsequently made available on the Settlement Website.  If you have any questions for Class Counsel, you may direct those to Randy Pulliam, Carney Bates & Pulliam, PLLC at 519 W. 7th St., Little Rock, AR, 72201.

   **Questions? Call 1-___-___-____ or go to the Settlement Website at www._____.com.**

**When and where will the Court decide whether to approve the Settlement?**  The Court will hold a Final Approval Hearing at [**TIME**] on [**DATE**] at the United States District Court for the Central District of California, [**ADDRESS**], Courtroom __. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also decide Class Counsel's application for attorneys' fees, expenses, and a service award. Further information about how to attend the hearing, including whether the hearing will be held in person at the courthouse or online via Zoom videoconferencing, will be available on the Settlement Website. The Court may change the date or time of the Final Approval Hearing without further notice, so please check the Settlement Website for any changes.

You do not have to appear at the Final Approval Hearing to receive the benefits of the Settlement.

**How do I get more information?**  This notice summarizes the Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www._____.com; by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California, [**ADDRESS**] between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays; or by contacting Class Counsel at the address provided above. You can also call the Settlement Administrator toll free at 1-___-___-____ with your questions.

**PLEASE DO NOT TELEPHONE THE COURT, THE JUDGE, OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE ADMINISTRATION PROCESS**

**Questions? Call 1-___-___-____ or go to the Settlement Website at www._____.com.**

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER M. LANGSTON, on behalf of herself and all others similarly situated, | Case No. 5:20-cv-01902-VAP-KK |
| Plaintiffs, | |
| v. | |
| GATEWAY MORTGAGE GROUP, LLC, | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, PROVIDING FOR NOTICE AND SCHEDULING FAIRNESS HEARING** |
| Defendant. | |

1

Jennifer Langston ("Plaintiff" or "Settlement Class Representative") has moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with the Settlement Agreement and Release dated _____, 2021 (the "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement of the above referenced action (the "Action"). Upon consideration of the Settlement Agreement, including all exhibits thereto, Plaintiff's Unopposed Motion for Preliminary Approval of Settlement, Memorandum of Law in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Settlement, and for good cause shown, the Court preliminarily finds that the terms of the proposed Settlement as set forth in the Settlement Agreement are fair, adequate and reasonable.  The Court further finds that the notice provisions provided for are adequate and appropriate to inform members of the Class of the terms of the proposed Settlement.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Agreement.

2.     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the proposed Settlement Class, and venue in this Court is proper.

3.     The Court does hereby preliminarily approve the Settlement Agreement and the proposed settlement set forth therein (the "Settlement") as fair, adequate and reasonable, subject to further consideration at the Final Approval Hearing described below. The Court finds on a preliminary basis that the Settlement Agreement falls within the range of reasonableness and was the product of informed, good-faith, arm's-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval.

4.      A hearing (the "Final Approval Hearing") shall be held before this Court on _____ at __:__ __.m. to determine, among other things:  (i) whether the proposed Settlement of the Action, on the terms and conditions provided for in the Settlement Agreement, is fair, just, reasonable, and adequate to the Class and should be finally approved by the Court; (ii) whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; and (iii) to consider Class Counsel's Fee and Service Award Application. As such, deadlines pending in the Action are hereby stayed.

5.      The Court approves, as to form and content, the Email and Mailed Notices, annexed to the Settlement Agreement as Exhibits A1 and A2 (collectively referred to as the "Class Notice"), and finds that the form, content, and distribution of the Class Notice in the manner set forth in the Settlement Agreement and herein meets the requirements of Federal Rule of Civil Procedure 23(c) and due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all entitled thereto.

6.      Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for purposes of effectuating the Settlement, the following Settlement Class:

> All persons who (1) were borrowers on residential mortgage loans on properties in the United States whose loans were serviced by Gateway, and (2) paid a fee to Gateway for making a loan payment by telephone, IVR, or the internet, from June 8, 2016, through the date on which the Court enters an order granting preliminary approval of the Parties' Settlement Agreement.

Excluded from the Settlement Class are borrowers on residential mortgage loans in properties located in the State of Texas whose loans are not insured by the Federal Housing Administration; the Honorable Virginia A. Phillips, counsel to the Parties, the Honorable Lisa Hart Cole, and their employees, legal representatives, heirs,

3

successors, assigns, or any members of their immediate family; any government entity; Gateway, any entity in which Gateway has a controlling interest, any of Gateway's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and any persons who timely opt-out of the Settlement Class.

7. The Court appoints Plaintiff Jennifer Langston as Settlement Class Representative and the law firms of Carney Bates & Pulliam, PLLC and Bailey & Glasser, LLP as Class Counsel.

8. The members of the Settlement Class are henceforth clients of and represented by Class Counsel.

9. The Parties and their respective counsel shall comply with the below directives as necessary to implement the proposed Settlement and to effectuate the terms of the Settlement Agreement.

10. No later than thirty (30) days after the date of this Order, Defendant shall provide to the Settlement Administrator the Settlement Class Member List in an electronic format.

11. No later than thirty (30) days after the date of this Order, Defendant shall pay $50,000.00 of the Gross Settlement Fund to the Settlement Administrator as an advance of Administrative Costs.

12. No later than thirty (30) calendar days after the date Defendant provides the Settlement Class Member List to the Settlement Administrator, the Settlement Administrator shall commence the notice program in accord with the notice provisions in Section VI of the Settlement Agreement, including the emailing and mailing, by first-class US mail, of the Class Notice (Exhibits A1 and A2 to the Settlement Agreement), and the creation of the Settlement Website.

4

13. Following the issuance of the Class Notice, the Settlement Administrator shall provide counsel with written confirmation of the emailing and mailing.

14. The Settlement Administrator shall ensure that timely notice is provided to any state and federal officials as required by the Class Action Fairness Act, 28 U.S.C. § 1715, and shall otherwise carry out its duties as set forth in the Settlement Agreement.

15. Consistent with Section VII of the Settlement Agreement, members of the Settlement Class who wish to exclude themselves from the Settlement must submit a written statement requesting exclusion. A request for exclusion must be postmarked by the Response Deadline, *i.e.* 105 days from the date of this Order, and include the name of the case. The request for exclusion must also include the name, address, phone number and signature of the borrowers(s) seeking exclusion, as well as language clearly indicating a request for exclusion, such as "I wish to be excluded from the Settlement in *Langston v. Gateway First Bank*." If there are co-borrowers on the loan, all co-borrowers must sign the request for exclusion. The request must be mailed to the address provided in the Class Notice.

16. The Settlement Administrator shall forward copies of all requests for exclusion to all counsel of record no later than seven (7) days after receipt. Any Settlement Class Member who opts out of the Settlement Class and the Agreement shall not be bound by any prior court order or the terms of the Settlement Agreement.

17. Any member of the Settlement Class who does not exclude himself or herself may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice. If he or she does not enter an appearance, he or she will be represented by Class Counsel.

18. Members of the Settlement Class who properly exclude himself or herself from the Settlement will not be entitled to receive any payment from the Settlement Fund, will not be bound by the proposed Settlement, and will have no right to object.

5

appeal or comment thereon. Members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the proposed Settlement and any Final Judgment entered in this Action if the proposed Settlement is finally approved by the Court.

19.     Consistent with Section VII of the Settlement Agreement, any Settlement Class Member may object to the Settlement by mailing a written objection, postmarked on or before the Response Deadline, to the Court c/o the Clerk of the Court, [insert address] or by filing it in person on or before the Response Deadline. All objections must be in writing and personally signed by the Settlement Class Member and include: (1) the objector's name, address, email address if any, and telephone number; (2) the case caption (*Langston v. Gateway First Bank*); (3) the specific factual basis and legal grounds for the objection; (4) a list of all cases in which the objector has objected to a class action settlement, including case name, court, and docket number; (5) if the objector is represented by counsel, a list of all cases in which the objector's counsel has represented an objector in objecting to a class action settlement, case name, court, and docket number; (6) a statement indicating whether the Settlement Class Member and/or his or her lawyer(s) intend to appear at the Final Fairness Hearing; (7) a list of witnesses, if any, that the objecting Settlement Class Member intends to call; (8) whether the objection relates only to the objector, or to a subset of the Settlement Class, or to the entire Settlement Class; and (9) serve the objection pursuant to Federal Rule of Civil Procedure 5 on Class Counsel and Defendant's Counsel.

20.     All motions and papers in support of the Settlement and Class Counsel's application for an award of reasonable attorneys' fees, not to exceed 25% of the Gross Settlement Fund, reimbursement of litigation expenses, and a service award shall be filed on or before twenty-one (21) days prior to the Response Deadline.

6

21.   The Class Representative, Class Counsel, and/or Defendant may file responses to any timely written objections no later than seven (7) days prior to the Final Approval Hearing.

22.   The Court orders that all funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the Court's jurisdiction, until the time such funds are distributed pursuant to the Stipulation and/or further Order(s) of the Court.

23.   Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Parties of any fact or allegation, or of any liability, fault, or wrongdoing of any kind.

24.   In the event that this Preliminary Order does not become final, (i) it shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) as specified in the Section XIV of the Settlement Agreement, the Settlement Agreement is null, void, and of no force and effect, (iii) the Settlement Fund shall be refunded to the Defendants, less reasonable settlement administrative expenses actually incurred and paid, and (iv) the Action shall proceed as provided in the Settlement Agreement.

25.   The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the proposed Settlement, with such modifications as may be agreed to by the Parties, if appropriate without further notice to the Settlement Class.

**IT IS SO ORDERED.**

7

1

2   **DATE:** _____        _____

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JENNIFER M. LANGSTON,
on behalf of herself and
all others similarly situated,

        Plaintiffs,

v.

GATEWAY MORTGAGE GROUP,
LLC,
        Defendant.

Case No. 5:20-cv-01902-VAP-KK

**[PROPOSED] FINAL APPROVAVL ORDER**

1

This matter having come before the Court for a Final Approval Hearing on the proposed Settlement, and the Court having reviewed in detail the Settlement Agreement and Release (the "Settlement Agreement"), all relevant motions and papers that have been filed in connection with the proposed Settlement, and finding good cause,

**IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class, and venue in this Court is proper.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby finds that the requirements of Rule 23(a) and (b)(3) are satisfied for the following reasons:  (a) the Settlement Class is sufficiently numerous to make joinder impracticable, (b) questions of law or fact common to the Settlement Class predominate over any individual questions, (c) the claims of Plaintiff are typical of the Settlement Class, (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all members of the Settlement Class, and (e) the class action procedure is the superior method of settling the claims and defenses in this Lawsuit.

4. For purposes of the Settlement and this Final Approval Order, the Settlement Class shall be defined as follows:

> All persons who (1) were borrowers on residential mortgage loans on properties in the United States whose loans were serviced by Gateway, and (2) paid a fee to Gateway for making a loan payment by telephone, IVR, or the internet, from June 8, 2016, through the date on which the Court enters an order granting preliminary approval of the Parties' Settlement Agreement.

2

Excluded from the Settlement Class are borrowers on residential mortgage loans in properties located in the State of Texas whose loans are not insured by the Federal Housing Administration; the Honorable Virginia A. Phillips, counsel to the Parties, the Honorable Lisa Hart Cole, and their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; any government entity; Gateway, any entity in which Gateway has a controlling interest, any of Gateway's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and any persons who timely opt-out of the Settlement Class.

5. Plaintiff Jennifer Langston is appointed Settlement Class Representative and the law firms of Carney Bates & Pulliam, PLLC and Bailey & Glasser, LLP are appointed as Class Counsel.

6. The Court finds that the notice program as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order satisfies the requirements of Federal Rule of Civil Procedure 23(c) and due process and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of (i) the pendency of the lawsuit and of the Settlement, including the terms thereof; (ii) the procedure for objecting to or opting out of the Settlement; (iii) contact information for Class Counsel, the Settlement Administrator and a toll-free number to ask questions about the Settlement; (iv) important dates in the settlement approval process, including the date of the Final Approval Hearing; and (v) Class Counsel's request for an award of reasonable attorneys' fees, reimbursement of litigation expenses, and a service award to the Settlement Class Representative.

7. The Court approves the Settlement as fair, reasonable, and adequate and in the best interests of the Settlement Class Members. The Court has specifically considered

3

the factors relevant to class settlement approval (*see, e.g., Churchill Village, L.L.C. v. General Elec.*, 361 F.3d 566 (9th Cir. 2004)), including, inter alia, the strength of Plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of certifying the proposed Settlement Class and – if successful – maintaining class action status throughout trial; the relief provided for in the Settlement; the extent of discovery completed and stage of the proceedings; the experience and views of Class Counsel; the assistance of a highly-qualified mediator in reaching the Settlement; and the reaction of Settlement Class Members to the proposed Settlement. Furthermore, the Court has specifically considered the factors relevant to class settlement approval pursuant to Fed. R. Civ. P. 23(e)(2), including whether the

(A)     Settlement Class Representative and Class Counsel have adequately represented the Settlement Class;

(B)     Settlement was negotiated at arm's length;

(C)     relief provided for the Settlement Class is adequate, taking into account:

    (i)     the costs, risks, and delay of trial and appeal;

    (ii)     the effectiveness of any proposed method of distributing relief to the Settlement Class; and

    (iii)     the terms of any proposed award of attorneys' fees, including the timing of payment; and

    (iv)     any agreement required to be identified under Rule 23(e)(3); and

(D)     Settlement treats Settlement Class Members equitably relative to each other.

8.     The Court has reviewed the Settlement and negotiation history for any signs of potential collusion (*see, e.g., In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)) and finds that the Settlement is not the product of collusion.

4

This finding is supported by, among other things: the fact that the Settlement was facilitated by experienced, well-qualified counsel who participated in arm's-length negotiations that included a day-long mediation conducted by a respected mediator; the Settlement provides significant benefits to Settlement Class Members and such benefits are not disproportionate to the attorneys' fees and expenses sought separately by Class Counsel; the benefits provided to Settlement Class Members are appropriate under the circumstances of this lawsuit; and the Parties began negotiating attorneys' fees and expenses only after reaching an agreement regarding the key deal terms, including the amount of the Settlement Fund.

9. The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

10. The Action is hereby dismissed with prejudice, with each party to bear its own costs.

11. By operation of this order, all members of the Settlement Class who have not timely and properly submitted a request for exclusion are deemed to have fully released, forever discharged, and are permanently barred and enjoined from instituting, commencing, or prosecuting any claims, counterclaims, actions, causes of action, suits, setoffs, costs, losses, expenses, sums of money, accounts, reckonings, debts, charges, complaints, controversies, disputes, damages, judgments, executions, promises, omissions, duties, agreements, rights, and any and all demands, obligations and liabilities, of whatever kind or character, direct or indirect, whether known or unknown, at law or in equity, by right of action or otherwise, arising out of, based upon, or related in any way to the charging, collection, or attempted collection of Convenience Fees accruing from June 8, 2016, through the date of preliminary approval.

12.      Class Counsel or its designated agent is directed to administer the Settlement in accordance with its terms and provisions.

13.      The individuals or entities identified on Exhibit "A" hereto have timely and validly requested exclusion from the Settlement Class and, therefore, are excluded. Such individuals or entities are not included in or bound by this Settlement or Final Judgment. Such individuals or entities are not entitled to any recovery from the settlement proceeds obtained through this Settlement.

14.      The Court shall retain exclusive, continuing, jurisdiction to resolve any disputes or challenges that may arise as to compliance with the Settlement Agreement, or any challenge to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Order, the Final Judgment, or the Settlement Agreement.

15.      In the event that this Order is reversed on appeal or otherwise does not become final, (i) this Order shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) as specified in the Section XIV of the Settlement Agreement, the Settlement Agreement and other related orders shall be rendered null, void, and of no force and effect, (iii) the Settlement Fund shall be refunded to the Defendant, less reasonable settlement administrative expenses actually incurred and paid, and (iv) the Action shall proceed as if no settlement had occurred and as otherwise provided for in the Settlement Agreement.

16.      Neither the Settlement Agreement, the Settlement contained therein, the negotiation nor any proceeding or document executed pursuant to or in furtherance thereof, (i) is or shall be construed as, an admission of, or evidence of, the truth of any allegation or of any liability or the validity (or lack thereof) of any claim or defense, in whole or in part, on the part of any party in any respect, or (ii) is or shall

be admissible in any action or proceeding for any reason, other than an action or proceeding to enforce the terms of the Settlement or this Order.

**IT IS SO ORDERED.**

**DATE:** _____      _____

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER M. LANGSTON, on behalf of herself and all others similarly situated, | Case No. 5:20-cv-01902-VAP-KK |
| Plaintiffs, | |
| v. | |
| GATEWAY MORTGAGE GROUP, LLC, | **[PROPOSED] FINAL JUDGMENT** |
| Defendant. | |

1

Pursuant to Federal Rule of Civil Procedure 54, this Court hereby enters final judgment in the above-captioned matter. Plaintiff's claims against Gateway First Bank are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

**Dated:  _____, 20__**

_____