Hank Bates
Edwin L. Lowther
CARNEY BATES & PULLIAM, PLLC
519 W. 7th Street
Little Rock, AR 72201
T: (501) 312-8500
F: (501) 312-8505
hbates@cbplaw.com
llowther@cbplaw.com

Gillian L. Wade, Esq.
Sara D. Avila, Esq.
Marc A. Castaneda, Esq.
MILSTEIN JACKSON FAIRCHILD & WADE, LLP
10250 Constellation Blvd., 14th Floor
Los Angeles, CA 90067
T: (310) 396-9600
F: (310) 396-9635
gwade@mjfwlaw.com
savila@mjfwlaw.com
mcastaneda@mjfwlaw.com

*Attorneys for Plaintiff, Jennifer M. Langston*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER M. LANGSTON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GATEWAY FIRST BANK, itself and as successor by merger to GATEWAY MORTGAGE GROUP, LLC,<br><br>Defendant. | CASE NO.: 5:20-CV-01902-VAP-KK<br><br>**DECLARATION OF JAMES L. KAUFFMAN**<br><br>Complaint Filed: June 8, 2020<br>Amended Complaint Filed August 11, 2020 |

I, James L. Kauffman, declare:

1. I am a partner at Bailey & Glasser LLP, and I am admitted to practice before this Court as counsel of record for Plaintiff and the Settlement Class in this case. I have personal knowledge of all the facts set forth in this Declaration unless otherwise stated, and I am competent to testify to these facts if called on to do so.

## BAILEY & GLASSER LLP

2. Bailey & Glasser LLP was founded in 1999 and has an established reputation for successfully prosecuting and defending multimillion dollar cases, including complex class actions. With seventeen offices across the country from Boston, MA to Oakland, CA, our lawyers routinely handle high-stake litigation and other lawyers call upon our firm routinely because of our unique blend of resources and trial experience.

3. My firm, Bailey & Glasser, has years of experience litigating class actions, including consumer financial class actions, ERISA, and securities cases and has obtained millions of dollars in restitution and debt forgiveness for consumers by successfully asserting state and federal consumer credit law claims on their behalf. A partial listing of those cases includes the following:

- *Krakauer v. Dish Network, L.L.C.,* Case No. 1:14-cv-00333 (M.D. N.C.) ($20.5 million jury verdict in a class action trial against Dish Network, alleging Dish was liable for more than 51,000 telemarketing calls placed by a defunct DISH dealer to persons whose telephone numbers were on the National Do Not Call Registry).

- *Tadepalli v. Uber Technologies, Inc.,* Case 3:15-cv-04348 (N.D. Cal.) (100% refunds made in class action settlement for California Uber riders charged approximately $2.2 million in "airport fee tolls" which Uber did not pay to California airports).

- *Wieland v. Bring Care Home, Inc.*, C.A. No. ESCV2013-01380 (Essex County, Mass.) (class action settlement for failure to pay all hours worked).

- *Thomas v. Home Credit Corp., Inc.*, 11-CVS-1116 (Vance County, N.C.) (class action settlement in favor of state-wide class of borrowers denied consumer rights disclosures).

DECLARATION OF JAMES L. KAUFFMAN

- *Desai v. Charvat,* Civil Action No. 1:11-cv-1925 (N.D. Ill.) ($15 million TCPA class settlement).

- *Roberts v. Walgreen Co., et al.,* Civil Action No. 12-C-337 (Circuit Court of Mercer County, West Virginia) (wage payment class settlement).

- *Glover v. Bank of America, N.A.*, C.A. No. 13-40042-TSH (D. Mass.) (class action settlement for Massachusetts borrowers regarding late fees).

- *Powers v. Santander Consumer USA, Inc.,* Civil Action No. 12-cv-11932-TSH (D. Mass.) (consumer class action resulting in the establishment of a $750,000 settlement fund and $20 million in debt relief).

- *Pirillo v. PNC Mortgage Corp.*, Civil Action No. 1l-C-751 (Circuit Court of Monongalia County, West Virginia) (consumer class action settlement).

- *Ross v. CitiFinancial Auto Ltd.*, Case No. 12-1173-TJC (M.D. Fla.) (class action settlement in favor of state-wide class of borrowers denied consumer rights disclosures).

- *Morris v. Merck Sharp & Dahme Corp.,* Civil Action No. 3:11-cv-00882 (S.D. W. Va.) (wage payment class action settlement totaling $750,000).

- *Hall v. Capital One Auto Fin., Inc*., Case No. 08-1181 (N.D. Ohio) ($37 million settlement on behalf of state-wide class of car owners sent allegedly flawed repossession notices).

- *Brailsford v. Jackson Hewitt, Inc.,* Case No. 06-00700 (N.D. Cal.) ($672,000 settlement on behalf of class of California consumers).

- *Hardwick v. Rent-A-Center, Inc.,* Civil Action No. 3:06-0901 (S.D. W. Va.) (class action settlement worth more than $5 million, alleging violations of state Consumer Goods Rental Protection Act).

- *Triplett v. NationStar Mortgage, LLC,* Civil Action No. 3:11-cv-238 (S.D. W. Va.) (loan servicing case settled for $1.5 million).

- *Shonk v. SG Sales Co.,* Case No. 07-C-1800 (Circuit Court of Kanawha County, West Virginia) ($2.4 million nationwide settlement of class action brought under the Telephone Consumer Protection Act).

- *Lowe v. Ford Motor Credit*, Case No. 99 CVF 15806 (Cuyahoga County, Ohio) ($22 million settlement on behalf of state-wide class of car owners subject to flawed repossession practices).

DECLARATION OF JAMES L. KAUFFMAN

- *Muhammad v. National City Mortgage, Inc.*, Case No. 2:07-cv-00423 (S.D. W. Va.) ($700,000 settlement of West Virginia loan servicing class action alleging National City Bank charged late loan-payment fees in violation of state law).

- *Brailsford v. Jackson Hewitt*, Case No. C 06-00700 CW (N.D. Cal.) (class action against Jackson Hewitt, Inc. for class of California consumers who purchased the tax preparer's refund anticipation loan product, settled for $672,000).

- *Dunlap v. Wells Fargo Financial West Virginia, Inc.*, Case No. 04-C-101 (Lincoln County, W. Va.) (predatory lending class action for over 100 West Virginia mortgage borrowers, settled for just over $9 million, including more than $4.9 million write down in mortgage balances, $4.15 million in cash, and credit repair).

- *Cummins v. H & R Block, Inc.,* Case No. 03-C-134 (Kanawha County, W. Va.) (in a case litigated for five years in venues ranging from the West Virginia trial and appellate courts, to federal district courts in West Virginia and Illinois, to the United States Supreme Court, firm lawyers served as lead counsel in winning a $62.5 million multistate class action settlement against H&R Block. The case involved first-impression claims relating to the application of West Virginia's credit-services organization statute to Block's refund anticipation loan product. Other firms across the country litigated cases against Block alleging similar claims, without success, for more than ten years. West Virginia's share of the settlement was $32.5 million).

- *Malacky v. Huntington Nat'l Bank*, Case No. CV 03 491420 (Cuyahoga County, Ohio) ($15 million settlement in favor of state-wide class of car owners sent flawed repossession notices).

- *Anderson v. Provident Bank,* Civil Action No. 04-C-199 (Circuit Court of Mercer County, West Virginia) (predatory mortgage lending class action settled for $8.1 million on behalf of 140 class members).

- *Mey v. Herbalife Int'l, Inc.,* Civil Action No. 01-C-263 (Circuit Court of Ohio County, West Virginia) ($7 million nationwide class action settlement alleging violations of the federal Telephone Consumer Protection Act).

- *Cooley v. F.N.B. Corp.,* Case No. 10010 of 2003, C.A. (Lawrence County, Penn.) ($14 million settlement on behalf of state-wide class of car owners allegedly deprived of post-repossession disclosures).

- *Dillon v. Chase*, Civil Action No. 03-C-164-W (Circuit Court of Hancock County, West Virginia) ($3.3 million consumer class action settlement).

- *In re Household Lending Litig.,* Case No. C 02-1240 CW (N.D. Cal.) ($172 million settlement on behalf of nationwide class of home mortgage borrowers injured by predatory mortgage lending practices).

DECLARATION OF JAMES L. KAUFFMAN

- *Curry v. Fairbanks Capital Corporation*, Case No. 03-10875-DPW (D. Mass.) ($55 million settlement on behalf of nationwide class of borrowers subject to predatory loan servicing practices).

- *Deem v. Ames True Temper, Inc.,* Civil Action No. 6:10-cv-01339 (S.D. W. Va.) ($405,000 class action settlement in an ERISA action).

**EXPERIENCE**

4.     I am licensed and in good standing to practice law in the State of Florida, State of Arkansas, and District of Columbia. I have been a member of the Arkansas Bar since 2003 after I obtained my J.D. from the University of Florida Levin College of Law in December 2002. For more than 18 years, I have served as class and appellate counsel in a wide variety of cases including deceptive trade practices, securities fraud, ERISA, and consumer protection. I am a member of Public Justice, the Florida Bar Association, the Arkansas Bar Association, and the American Association of Justice (AAJ).

5.     I was appointed as lead class counsel in one of the first filed class action lawsuits in the country to challenge Pay-to-Pay fees, *Montesi v. Seterus, Inc.*, Case No. 50-2015-CA-010910-XXXX-MB (Fla. Cir. Ct. Palm Beach Cty.). *Montesi* was heavily litigated and resulted in class certification over the defendant's opposition. It resulted in a $1.75 million class settlement of Florida borrowers, which represented 35% of the amount collected by Seterus during the class period.

6.     Bailey Glasser is among a handful of law firms litigating cases involving Convenience Fees across the country and is in the forefront of that litigation.

7.     I was appointed as class counsel by the district courts in other class actions involving Pay-to-Pay Fees, which obtained settlement that is either pending or approved: *Torliatt v. Ocwen Loan Servicing, LLC et. al,* No. 3:19-cv-04303-WHO (N.D. Cal.)(pending), *Wilson v. Santander Consumer USA, Inc.*, No. 4:20-cv-00152-KGB (E.D. Ark.)(pending), *Caldwell v. Freedom Mortgage Corp.*, No. 3:19-cv-02193-N (N.D. Tex.)(approved); *Elbert v. Roundpoint*

DECLARATION OF JAMES L. KAUFFMAN

*Mortgage Servicing, Corp.*, No. 3:20-cv-00250-MMC (N.D. Cal.)(approved); *Fernandez v. Rushmore Loan Servicing*, Case No. 8:21-cv-00621-DOC (C.D. Cal.)(approved); *Lembeck v. Arvest Central Mortgage Co.*, No. 3:20-cv-03277-VC (N.D. Cal.)(approved); *Phillips v. Caliber Home Loans*, No. 0:19-cv-02711 (D. Minn.) (approved); *Pierce v. Statebridge Co.*, No.1:20-cv-117 (M.D.N.C.)(approved); *Silveira v. M&T Bank*, No. 2:19-cv-06958-ODW (C.D. Cal.)(approved); and *Alexander v. Carrington Mortgage Services, LLC*, Case No. 1:20-cv-2369-TEB (D. Md.)(pending).

8. I am currently representing proposed class representatives in several other class action cases in courts across the country challenging the legality of the collection of Pay-to-Pay from residential borrowers. *See McFadden v. Nationstar Mortgage Co. d/b/a Mr. Cooper*, No. 1:20-cv-00166-EGS (D.D.C.); *Desimone v. Select Portfolio Servicing*, Inc., No. 1:20-cv-03837-PKC (E.D. N.Y.); *Williams v. PHH Mortgage Corp.*, No. 20-cv-04018 (S.D. Tex.); and *Williams v. Lakeview Loan Servicing, LLC et al.*, Case No 4:20cv-01900 (S.D. Tex.).

## ATTORNEYS' FEES AND COSTS

9. Bailey & Glasser started working on this case in 2020 when the original complaint in this matter was filed. BG investigated the facts and legal claims asserted in this matter, as well as in another case filed against Gateway in the Northern District of Texas (*Watkins*) in 2020.

10. Class Counsel undertook the case on a contingent basis under an agreement with the Plaintiff that Class Counsel would seek a percentage-based fee of up to one third of any recovery. Class Counsel have not received any compensation for their work to this point.

11. Bailey & Glasser attorneys and paralegals spent more than 141 hours litigating these two actions to date, preparing, researching, briefing, litigating, settling, and administering this case and the issues therein. A summary of the hours litigated is as follows:

DECLARATION OF JAMES L. KAUFFMAN

| Name | Title | Hours | Rate | Lodestar |
|---|---|---|---|---|
| **Attorneys** | | | | |
| Kauffman, James L. | Partner | 28.9 | $764 | $22,079.60 |
| Ryan, Elizabeth A. | Partner | 57.1 | $919 | $52,474.90 |
| Littles, Britney A. | Associate | 24.1 | $468 | $11,278.80 |
| **Attorney Subtotal Lodestar** | | 110.1 | | $85,833.30 |
| **Paralegals** | | | | |
| Pierre, Vanessa K. | Paralegal | 25.6 | $208 | $5,324.80 |
| McClay, Mary E. | Paralegal | 5.4 | $208 | $1,123.20 |
| **Paralegal Subtotal Lodestar** | | 31 | | $6,448.00 |
| **TOTAL LODESTAR** | | 141.1 | | **$92,281.30** |

12. Attorneys and paralegals from Bailey & Glasser ("BG") worked closely with our co-counsel Carney Bates and Pulliam (CPB) on this case and the *Watkins* case. Work was divided relatively evenly between the firms on these cases to avoid duplication of efforts. On all cases, our firms endeavored to divide work based on which firm's attorneys had the most experience in a given area. In addition, the reported time was adjusted in the exercise of billing judgment, omitting time spent that may have been duplicative, or non-essential.

13. Counsel's efforts to date included, without limitation: pre-filing investigation; drafting and filing the complaints; drafting an opposition to Defendant's motion to dismiss; preparing for and arguing the opposition to Defendant's motion to dismiss; preparing Initial Disclosures, Requests for Interrogatories, Requests for Admission, and Requests for the Production of Documents; preparing various procedural filings; meeting-and-conferring with Defendant's counsel regarding various case management matters; drafting a comprehensive

mediation statement, and participating in an all-day mediation; conducting confirmatory discovery regarding the total number of Settlement Class Members and the total amount of aggregate Convenience Fees paid during the Class Period; negotiating and drafting the Settlement Agreement along with corresponding documents, including claim forms, summary notice, and long-form notice; filing the motion for preliminary approval and supporting documents, including a proposed preliminary approval order and a proposed final judgment; supervising the work of the Claims Administrator; and preparing this motion and the motion for final approval and supporting documentation.

14. In addition, Class Counsel's efforts will also include: continued correspondence with Settlement Class Members and supervision of the work of the Claims Administrator; researching and drafting a reply memorandum to this motion, if any; opposing objections, if any; and preparing for, and attending the hearing on the motion for final approval; attending to miscellaneous case management responsibilities, including any status reports that this Court may order.

15. Class Counsel estimates that approximately 40 hours of work will be required to see this matter to completion, and that number assumes that no objections will be filed.

16. Plaintiff's lodestar does not include activities by Class Counsel in other similar pay-to-pay litigation against other servicers, which enabled Class Counsel to gain expertise and oversee developments in the case law more efficiently.

17. These rates have been reported to state and federal courts approving fee applications in other contingent matters. *Fernandez v. Rushmore Loan Servicing*, Case No. 8:21-cv-00621-DOC (C.D. Cal.)(Carter, J.)($759 per hour approved February 18, 2022 DE 42); *Silveira v. M&T Bank*, No. 2:19-cv-06958-ODW (C.D. Cal.)(Wright, J.)($759 per hour approved

DECLARATION OF JAMES L. KAUFFMAN

October 13, 2021 DE 44); *Elbert v. Roundpoint Mortgage Servicing, Corp.*, No. 3:20-cv-00250-MMC (N.D. Cal.)($764 per hour approved April 18, 2022 DE 98); *Phillips v. Caliber Home Loans*, No. 0:19-cv-02711 (D. Minn.) ($759 per hour approved March 21, 2022 DE 111). These rates are consistent with those that courts have found reasonable for law firms that were serving as plaintiffs' counsel in class actions. My firm sets billing rates for its attorneys and other legal workers on an annual basis in a manner designed to assure that those rates are commensurate with the rates charged by attorneys with similar levels of education, skill and experience in the markets in which they practice. The firm's rates established in this manner have been consistently approved by federal and state courts considering petitions for fee awards in which Bailey & Glasser has served as class counsel.

18.  The hourly rates shown for the attorneys at Bailey & Glasser LLP are our 2021-2022 rates charged as delineated by the Adjusted Laffey Matrix (http://www.laffeymatrix.com/), which provides market rates for attorneys working in the Washington, D.C. area. *See, e.g.*, *DL v. Dist. of Columbia*, 924 F.3d 585 (D.C. Cir. 2019) (discussing the history and basis of the Laffey matrix). Although the Adjusted Laffey Matrix is updated annually, courts have awarded attorneys' fees consistent with the Adjusted Laffey Matrix to my firm in a number of cases.  *See, e.g.*, *Kumar v. Salov North America Corp.*, No. 14-CV-2411-YGR, 2017 WL 2902898 (N.D. Cal. July 7, 2017); *Stathakos v. Columbia Sportswear Co.*, No. 15-CV-04543-YGR, 2018 WL 1710075, at *6 (N.D. Cal. Apr. 9, 2018); *Meta v. Target Corp., et al.*, No. 14-cv-0832 (N.D. Ohio Aug. 7, 2018), Dkt. 179; *In re Think Finance, LLC*, et al., No. 17-bk-33964 (Bankr. N.D. Tex.); *Brown v. Transurban USA, Inc.*, No. 1:15CV494 (JCC/MSN), 2016 WL 6909683 (E.D. Va. Sept. 29, 2016); *Small v. BOKF, N.A.*, No. 1:13-cv-01125-REB-MJW (D. Colo.); *Soule v. Hilton Worldwide, Inc.*, No. CV 13-00652 ACK-RLP, 2015 WL 12827769 (D. Haw. Aug. 25,

DECLARATION OF JAMES L. KAUFFMAN

2015); *Beck v. Test Masters Educ. Servs., Inc.*, 73 F. Supp. 3d 12 (D.D.C. 2014); *see also Mancini v. Dan P. Plute, Inc.*, 358 F. App'x 886 (9th Cir. 2009); *Harris et al. v. Farmers Insurance Exchange et al.,* BC579498 (Cal. Super. Ct., L.A. Cty. Aug. 30, 2020) (accepting Adjusted Laffey Matrix as evidence of reasonable hourly rates charged by Washington, D.C. attorneys).

19. Even after the Settlement was reached between the parties, Class Counsel devoted significant hours to finalize the Settlement Agreement and all related settlement documents.

20. Notably, the time summarized above does not include any additional work that will be performed responding to class member inquiries about the settlement, finalizing and filing the attorney fee petition, attending the final approval hearing, or assisting the settlement administration with issues that may arise related to the distribution of the Settlement Fund.

21. A firm resume was submitted with Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF # 43.

22. Time records were kept contemporaneously. For each task performed, staff accounted for their time in 1/10th of an hour (6-minute) increments or shorter and included a brief narrative description of the work performed. Staff did not "block bill."

23. Our time records were reviewed for duplicative or erroneous entries, and timekeepers who logged less than 5 hours were removed.

24. I personally have several hourly clients who pay me rates of $600-850 per hour or more for attorneys and $250 per hour for paralegals of the same experience as those who performed work in this matter.

25. Class Counsel has expended time and resources to move this case along expeditiously.

DECLARATION OF JAMES L. KAUFFMAN

26. Discovery was wide ranging and comprehensive. This discovery included extensive data relevant to the size of the class and the aggregate amount of Convenience Fees paid to Defendant by class members during the relevant period. The Settlement was only reached after hard-fought litigation and protracted negotiations conducted by informed, experienced counsel on both sides who were thoroughly familiar with the factual and legal issues.

27. Class Counsel's work in this case led to an excellent result for the Settlement Class, a recovery of 27.4% of class wide damages.

28. Each member of the Settlement Class who does not opt out will receive their pro rata share of the $2,250,000 Settlement Fund, as well as the benefit of the non-monetary injunctive relief. The amount recovered represents 35% of the Convenience Fees paid by Settlement Class Members during the Class Period.

29. Gateway stopped charging Convenience Fees in January 2022 and will continue that practice for one year after Final Approval which represents a savings to Class Members of approximately $820,000 per year.

30. In my opinion, the time expended, and expenses incurred in prosecuting this action were reasonable and necessary for the diligent litigation and fair resolution of this matter. The work Class Counsel performed and the results they achieved in this litigation reflect their skill and experience in this field and in complex class litigation. The lodestar reflected in the above extract does not include all of the time to be devoted to preparing for and appearing at the final approval hearing or dealing with post-hearing matters.

31. I anticipate that Class Counsel will devote substantial additional time to this case after the date of this Declaration, including: (1) finalizing this application; (2) preparing for and

DECLARATION OF JAMES L. KAUFFMAN

attending the final approval hearing; (3) monitoring the claims and distribution process; corresponding with the claims administrator; (4) managing the extended payment plan; (5) ensuring compliance with the injunctive relief; and (6) responding to Class Member inquiries.

32. Bailey & Glasser also incurred $119.15 in unreimbursed case-related expenses. These expenses do not include any legal research, copying or postage costs, which were expenses incurred by Class Counsel but are not sought to be reimbursed. An itemized list of Bailey & Glasser LLP's expenses is as follows:

| Expense | Amount |
| --- | --- |
| Court Fees | $95.50 |
| Outside Delivery Services | $23.65 |
| TOTAL | $119.15 |

33. Ms. Langston actively participated in this action for two years. She assisted in Class Counsel's investigation, conferred with Counsel on settlement discussions, and was ready and willing to testify at trial.

34. Ms. Langston took on a substantial risk by bringing claims against the company that currently serviced her home mortgage, and undertook reputational risk, as her association with these lawsuits is publicly available.

35. I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed this 18th day of July 2022 in Washington D.C.

*/s/ James L. Kauffman*
James L. Kauffman

DECLARATION OF JAMES L. KAUFFMAN